

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 14, 1970

Hon. Earl M. Scott
Acting Commissioner
Texas Department of Mental
  Health and Mental Retardation
Box S, Capitol Station
Austin, Texas 78711

Opinion No. M- 660

Re: Whether moving expenses of
employees of the Texas De-
partment of Mental Health
and Mental Retardation may
be reimbursed under the
stated circumstances.

Dear Mr. Scott:

Your recent letter requesting the opinion of this office
concerning the referenced matter presents the following questions:

"1. If, at the time of his arrival at the
city in which his permanent duty station is located,
a transferred Department employee who is required
by statute to reside on the grounds of his duty
station cannot so reside because the physical
plant is still under construction, may he be re-
imbursed for commercial transportation expenses
incurred in an intra-city moving of his household
effects from a temporary residence in the city to
his newly constructed residence at the permanent
duty station, assuming that Motor Pool services
are not available?

"2. If, at the time of his arrival at the
city in which his permanent duty station is located,
a new Department employee who is required by statute
to reside on the grounds of his duty station cannot
so reside because the physical plant is still under
construction, may he be reimbursed for commercial
transportation expenses incurred in an intra-city
moving of his household effects from a temporary
residence in the city to his newly constructed
residence at the permanent duty station, assuming
that Motor Pool services are not available?"
(Emphasis added.)

In regard to moving expenses of state employees, Section 35 of Article V of House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969 (General Appropriation Act for the Biennium ending August 31, 1971), provides as follows:

"None of the moneys appropriated in this Act may be expended for paying expenses of moving the household goods or other property or personal effects of officers or employees, provided however, that the Department of Agriculture, State Building Commission, Texas Employment Commission, Highway Department, Alcoholics (sic) Beverage Commission, Parks and Wildlife Department, Railroad Commission, Department of Public Safety, Water Development Board, Water Quality Board, and other agencies when specifically granted such authority by this Act, are authorized to pay costs of transporting and delivering only in State-owned equipment the household goods and effects of employees transferred by the named departments from one permanent station to another, when in the judgment of the department, the best interest of the State will be served by such transfer.

"It is further provided that in the event State-owned equipment is not available, and to avoid imposing the hardship of an employee working in one location while his family and personal belongings are located elsewhere, the above authority may be extended to include the use of a commercial transportation company for the moving of the employees' household goods and other personal effects. Such state agencies may not utilize State funds for such purposes except upon presentation by the officer or employee of a bona fide receipt of payment for services rendered from a commercial transportation company.

"State agencies which are specifically authorized above or elsewhere in this Act to use funds appropriated in this Act to move the household goods or personal effects of officials or employees transferred by official order to new permanent duty stations at State expense, shall file a report of such moves with the Legislative

Budget Board by November 1 of each fiscal year. Such report is to cover the preceding fiscal year and include the number of such official transfers made, the employees' name and position titles, distances involved, and the detail of all expenditures for such transfers. <u>It is specifically provided that the authority granted by this section shall not extend to new employees.</u>" (Emphasis added.)

Your Department is given authority to utilize its motor pool in the manner anticipated by Section 35, supra, in Section 20(c) of Article V of House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969 (General Appropriation Act for the Biennium ending August 31, 1971), which provides that:

"The Texas Department of Mental Health and Mental Retardation is hereby authorized to utilize the services of its Motor Pool to transfer and deliver the household goods and effects of its employees <u>transferred from one place of employment to another within the Department</u> when such service to such employee is deemed to be in the best interest of the State of Texas; <u>provided, however, this service shall not be extended to any new employee.</u>" (Emphasis added.)

In answer to your first question, it is our opinion that the language of Sections 35 and 20(c), supra, relating to "permanent duty stations" and transfer of an employee from one place of employment to another "within the Department", contemplates the permanent State institution to which he is to be transferred, and not a temporary location at which he is to reside pending construction of his permanent duty station. This we held to be the legislative intent under the previous Act, which was worded similarly. See Attorney General Opinion No. M-221 (1968). Accordingly, your first question is answered in the negative.

As for your second question, we believe the last sentence in Section 35, supra, and the last clause in Section 20(c), supra, clearly require that it, also must be answered in the negative.

## S U M M A R Y

Neither Section 35 nor Section 20 of Article V of House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969 (General Appropriation Act for the

Biennium ending August 31, 1971), provides for reimbursement to either a transferred or new employee of the Texas Department of Mental Health and Mental Retardation of commercial moving expenses incurred in an intra-city moving of his household effects from a temporary residence in the city to his newly constructed residence at his permanent duty station.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sarah E. Phillips
Wardlow Lane
Jim Swearingen
Linward Shivers

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant